*In re* **LEE**, Mark Nicholas (MR 20268)
Springfield, IL

Order of the Court:

The petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b) is allowed. Respondent Mark Nicholas Lee is suspended from the practice of law for 90 days and until further order of the Court, with the suspension stayed in its entirety and respondent placed on probation for a period of two years subject to the following conditions:

a. Respondent shall abstain from the usage of alcohol, Ambien, and any nonprescribed mood-altering substances;

b. Within 14 days after entry of the final order of discipline, respondent shall come under the care of a psychiatrist for the monitoring of his antidepressant medication;

c. Respondent shall come under the care of a doctorate-level therapist with an addiction background, whom he shall see on a weekly basis for at least six months, or for an amount of time to be determined by his therapist;

d. Respondent shall attend a Caduceus group for impaired and recovering professionals;

e. Respondent shall attend 12-step meetings at a frequency determined by his outpatient chemical dependency treatment team and secure a sponsor with whom he will maintain regular contact. Respondent shall request that the sponsor communicate with the Administrator in writing every three months regarding respondent's participation and progress, and report any lapses in sobriety or usage of controlled substances to the Administrator within 72 hours of his knowledge of that usage;

f. Respondent shall, upon request by the Administrator, submit to random substance testing within eight hours of receiving notice by the Administrator that he shall submit to the testing, the cost of which shall be paid by respondent and the result of which will be reported to the Administrator;

g. Respondent shall successfully complete the course conducted by the Illinois Professional Responsibility Institute within one year of this Court's final order of discipline;

h. Respondent shall put in place an effective case tracking system, as agreed upon by the Administrator;

i. Respondent shall put in place an effective file management system, as agreed upon by the Administrator;

j. Respondent shall provide to his treating mental health professionals an appropriate release authorizing the treating professionals to: (a) disclose to the Administrator on at least a quarterly basis information pertaining to the nature of respondent's compliance with any treatment plan established with respect to respondent's condition; (b) promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; and (c) respond to any inquiries by the Administrator regarding respondent's mental or emotional state or compliance with any established treatment plans;

k. Respondent shall notify the Administrator within 14 days of any change in treatment professionals;

l. Respondent shall attend meetings scheduled by the Commission probation officer as requested by the Administrator. Respondent shall submit quarterly written reports to the Administrator concerning the status

of his practice of law and the nature and extent of his compliance with the conditions of probation;

m. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigation relating to his conduct;

n. Respondent shall reimburse the Commission the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation; and

o. Probation shall be revoked if respondent is found to have violated any of the foregoing terms. The 90-day suspension shall commence from the date of the determination that any term of probation has been violated and shall continue until further order of the Court.

Respondent Mark Nicholas Lee shall reimburse the Disciplinary Fund for any Client Protection payments arising from his conduct prior to the termination of the period of suspension/probation.